IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KEVIN NEWMAN, and wife
CHRISTINA PERDUE,

    Plaintiffs,
v.   No. _____

CITY OF OAK RIDGE, TENNESSEE,
UNIDENTIFED OAK RIDGE POLICE OFFICER #1, individually and
in his official capacity, CITY OF CLINTON, TENNESSEE,
Officer SCOTT GREGORY, individually and in his
official capacity, UNIDENTIFIED POLICE OFFICER #2,
individually and in his official capacity, UNIDENTIFIED POLICE
OFFICER #3, individually and in his official capacity,
KNOX COUNTY SHERIFF'S OFFICER JAMES ATHERTON,
Individually, AARON ARMES, individually,
    Defendants.

## COMPLAINT

Comes now the Plaintiff, Kevin Newman and his wife, Christina Perdue, by and through counsel and sues the Defendants, CITY OF OAK RIDGE, TENNESSEE, UNIDENTIFIED OAK RIDGE OFFICER in his individual and official capacity, CITY OF CLINTON, TENNESSEE, Officer SCOTT GREGORY, in his individual capacity and official capacity, UNIDENTIFIED POLICE OFFICER #2, in his individual capacity and official capacity, UNIDENTIFIED POLICE OFFICER #3, individually and in his official capacity, KNOX COUNTY SHERIFF'S OFFICER JAMES ATHERTON, individually, pursuant to 42 U.S.C. § 1983 for the violation of the Plaintiffs' constitutional rights, and AARON ARMES, individually, for their causes of action would show as follows:

### I.  PARTIES

1

1. The Plaintiff, Kevin Newman (hereinafter referred to as "Newman") and his wife, Christina Perdue (hereinafter referred to as "Perdue") are citizens and residents of Anderson County, Tennessee.

2. The Defendant, City of Oak Ridge, Tennessee (herein after refered "Oak Ridge") is a political subdivision of the State of Tennessee, operates and establishes policy for the Oak Ridge Police Department. The Defendant, City of Oak Ridge is an entity subject to suit pursuant to 42 U.S.C. §1983 and may be served through its Mayor, Warren Gooch, 200 S. Tulane Avenue, Oak Ridge, Tennessee 37831.

3. The Defendant, Unidentified Officer #1 (hereinafter referred to as "Officer #1") is sued in his official and individual capacities, and at all times material to this cause of action, acting in his official capacity as a police officer for the City of Oak Ridge, Tennessee. Defendant Officer #1, when identified, may be served with process at 200 S. Tulane Avenue, Oak Ridge, Tennessee 37831.

4. The Defendant, City of Clinton, Tennessee (hereinafter referred to as "Clinton") is a political subdivision of the State of Tennessee, operates and establishes policy for the Clinton Police Department. The Defendant, City of Clinton is an entity subject to suit pursuant to 42 U.S.C. §1983 and may be served through its Mayor, Scott Burton, 100 N. Bowling Street, Clinton, Tennessee 37716.

5. The Defendant, Scott Gregory (hereinafter referred to as "Gregory") is sued in his official and individual capacities, and at all times material to this cause of action, acting in his official capacity as a police officer for the City of Clinton, Tennessee. Defendant Gregory, may be served with process at 125 W. Broad Street, Clinton, Tennessee 37716.

6. The Defendant, Unidentified Officer #2 (hereinafter referred to as "Officer #2") is sued in his official and individual capacities, and at all times material to this cause of action, acting in his official capacity as a police officer for either the Defendant Oak Ridge or Defendant Clinton.

7. The Defendant, Unidentified Officer #3 (hereinafter referred to as "Officer #3") is sued in his official and individual capacities, and at all times material to this cause of action, acting in his official capacity as a police officer for either the Defendant Oak Ridge or Defendant Clinton.

8. The Defendant, James Atherton (hereinafter referred to as "Atherton") is sued in his official and individual capacities, and at all times material to this cause of action, acting in his official capacity as a police officer for the Knox County, Tennessee Sheriff's Department. Defendant Atherton may be served with process at 400 Main St SW, Knoxville, TN 37902.

9. The Defendant, Aaron Armes (hereinafter referred to as "Armes") is sued in his individual capacity, and may be served with process at 8006 Burchfield Drive, Oak Ridge, Tennessee 37830.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1331 and 28 U.S.C § 1343 as this action is predicated on the violation of the federal constitutional rights of the Plaintiff. The Court has supplemental jurisdiction over state claims under 28 U.S.C. § 1367. Venue is appropriate pursuant to 28 U.S.C. § 1391.

## III. FACTS

3

Case 3:21-cv-00138-DCLC-DCP   Document 1   Filed 04/11/21   Page 3 of 15   PageID #: 3

11. That on April 11, 2020, the Plaintiffs were attempting to locate a lost cell phone in the Solway community of Knox County near the Race Way convenience store on Oak Ridge Highway.

12. That during the time the Plaintiffs were searching for the lost cell phone, they were allegedly observed by Defendant Armes.

13. After spending a considerable amount of time searching the area for the lost cell phone, the Plaintiffs decided to abandon their efforts, and return to their home at 112 Arizona Road, Oak Ridge, Tennessee.

14. As the Plaintiffs left the Race Way convenience store, they were surreptitiously followed by Defendant Armes, who unbeknownst to the Plaintiffs had contacted law enforcement.

15. As Plaintiffs traveled through the City of Oak Ridge, a traffic stop was initiated by Oak Ridge Police near 299 Oak Ridge Turnpike.

16. The Plaintiff Perdue was seated in the driver's position of the vehicle, while Plaintiff Newman was seated in the passenger seat of the vehicle.

17. Plaintiff Perdue was ordered to exit the vehicle first, which she did, and was taken into custody by Oak Ridge Police.

18. Then Plaintiff Newman was ordered from the vehicle, which he did.

19. As Plaintiff Newman was exiting the vehicle, he was shot in the back with an electrical stunning device by Defendant Officer #1, without cause or provocation maintained by Plaintiff Newman.

20. Plaintiff Newman was then forced to the ground and handcuffed by numerous Oak Ridge Police officers including Defendant Officer #1, injuring his arms, back and neck.

21. The Defendant Armes falsely identified Plaintiff Newman as a person that broke into a nearby house. Defendant Armes further stated that he saw Plaintiff Newman carrying a box and that Newman sit the box down, and start walking toward the Race Way convenience store, where he was Newman speak to a person in black truck and then get into a red Kia Soul driven by a female.

22. As the encounter with Defendant Oak Ridge police officers continued, Plaintiffs Newman and Perdue were transported back to the Race Way convenience store in Knox County.

23. Due to the aforementioned acts and maliciously false statements of Defendant Armes, Plaintiff Newman was arrested, taken into custody by the Knox County Sheriff's Department, and charged with Aggravated Burglary and Felony Vandalism. Plaintiff Perdue was released at the scene on April 11, 2020 without being charged.

24. That the Plaintiff Perdue was returned to her vehicle after it had been towed to A-Tow towing services in Oak Ridge, Tennessee, where she had discovered that her cell phone had been seized by Oak Ridge Police Department and given to Knox County Sheriff's Department. Plaintiff Perdue's cell phone was returned to her by Knox County Sheriff's Department detective on April 17, 2020.

25. That on May 1, 2020, Defendant Gregory and a combination of Clinton Police officers and Oak Ridge Police officers, broke down front door of the Plaintiff's

5

Case 3:21-cv-00138-DCLC-DCP   Document 1   Filed 04/11/21   Page 5 of 15   PageID #: 5

residence situated at 112 Arizona Road, Oak Ridge, Tennessee 37830, and entered the residence pursuant to search warrant for the recovery of items alleged to be evidence of a crime, particularly, aqua colored gloves/garden type, black sweat pants/black hooded sweatshirt worn by female, orange gloves/ mechanic style, blue jeans with patterns and black patch on right side worn by male, black hooded sweatshirt with a white square under the hood and white square on the left sleeve next to the cuff, black lace boots with white and dark tread, black laced shoes, and any other evidence or items that would be used to package, conceal the foregoing, or prevent its discovery. None of the items mentioned in the warrant were recovered by the Defendant Gregory or any of the other officers present on the scene during the raid of Plaintiff's residence.

26. Defendant Gregory seized property not listed in the search warrant such as a black blade tracfone, a Samsung Galaxy S9, and a white Samsung Galaxy S4. These items were returned approximately a two week later by Clinton Police Department.

27. That during the raid of Plaintiff's residence of May 1, 2020, law enforcement personnel forced their way into Plaintiff's residence without announcement, during which time Defendant Officer #2 forcibly slammed the Plaintiff Perdue to the floor, and restrained her arms behind her back using flex cuffs, while Plaintiff Perdue was dressed in only a short nightgown without underwear. This was done without any provocation or resistance by Plaintiff Perdue.

28. That during the raid of Plaintiff's residence of May 1, 2020, law enforcement personnel forced their way into Plaintiff's residence without announcement, during which time Defendant Officer #3 forcibly slammed the Plaintiff Newman to the

6

floor, and restrained her arms behind his back using handcuffs. Plaintiff was dressed only in a pair of boxer underwear. This was done without provocation or resistance by Plaintiff Newman, with the exception of verbally protesting the treatment of his wife.

29. That the Plaintiff's aver that Defendant Gregory obtained the search warrant of May 1, 2020 by using false information regarding the Plaintiffs, in the affidavit to obtain the search warrant of May 1, 2020.

30. That on May 1, 2020, both the Plaintiffs Perdue and Newman were charged by the Oak Ridge Police for possession of burglary tools, and drug paraphernalia that stemmed from the April 11, 2020, previous Oak Ridge Police stop. Plaintiff Newman was charged with the additional charge of resisting arrest.

31. That on May 1, 2020, Plaintiff Perdue was taken into custody by Oak Ridge Police and held for Knox County Sheriff's whereupon she was transported to Knox County Detention Facility and charged with Aggravated Burglary.

32. That all charges against the Plaintiff Perdue have been dismissed.

33. That charges against the Plaintiff Newman are currently pending.

34. The Defendants Officer #1, Officer #2, and Officer #3 will be identified during discovery and names will be substituted. Plaintiff's would aver that Tennessee employs a discovery rule on statutes of limitations and because of the federal doctrine of equitable tolling, the statute of limitations has not run or even began to run on the unidentified Defendants

## IV. CAUSES OF ACTION

## Defendant City of Oak Ridge

35. Plaintiffs incorporates each of the above paragraphs as if fully set forth herein.

36. Defendant City of Oak Ridge, Tennessee failed to adequately train and/or supervise Officer #1 as to proper policies, procedures, practices, customs, and edicts as to proper police procedures and investigation techniques that subsequently resulted in the excessive force used against Plaintiff Newman during the incident that has been set out herein, that violated Plaintiff Newman's Fourth and Fourteenth Amendment rights of the United States Constitution. Plaintiff would submit that had Defendant Officer #1 been properly trained/and or supervised, Defendant Officer #1's unconstitutional actions would have been prevented and/or detected and Plaintiff's damages could have been reasonably avoided.

37. Defendant City of City of Oak Ridge, Tennessee failed to adequately train and/or supervise Officer #2 and/or #3 as to proper policies, procedures, practices, customs, and edicts as to proper police procedures and investigation techniques that subsequently resulted in the excessive force used against Plaintiff Newman and Perdue during the incident that has been set out herein, that violated Plaintiff Newman and Perdue's Fourth and Fourteenth Amendment rights of the United States Constitution. Plaintiffs would submit that had Defendant Officer #2 and/or #3 had been properly trained/and or supervised, Defendant Officer #2 and/or #3's unconstitutional actions would have been prevented and/or detected and Plaintiff's damages could have been reasonably avoided.

38. The actions of Defendant Oak Ridge, Tennessee amount to deliberate indifference to the rights of Plaintiff to be free from excessive force under the Fourth, and Fourteenth Amendments to the United States Constitution.

39. As a result of the deliberate indifference of Defendant Oak Ridge, Tennessee, its agents, servants or employees, the Plaintiff suffered serious personal injuries and emotional distress to which he is entitled compensatory damages pursuant to 42 U.S.C. §1983.

40. At all times relevant hereto Defendant Oak Ridge is additionally responsible for creating, establishing, and enforcing policy with regard to use of force. At all times relevant hereto, Defendant Oak Ridge policies, customs, practices and edicts were the driving force for the actions of the Defendant Officer #1 during their abuse of the Plaintiff Newman

### **Defendant Officer #1**

41. The Defendant Officer #1 violated the Plaintiff Newman's clearly established federal constitutional rights by use of excessive force against him that violates Fourth Amendment and the due process clause of the Fourteenth Amendment. Plaintiffs aver that the aforementioned altercation was the proximate cause of his injuries, substantial mental anguish, pain and suffering.

42. Plaintiffs avers that the Defendant Officer #1 is liable for common law assault against the Plaintiff Newman for maliciously and sadistically implementing his electrical stunning device without cause or provocation.

9

43. Plaintiffs avers that the Defendants Officer #1 is liable for intentional infliction of emotional distress through their aforementioned acts of excessive force.

44. Plaintiff's wife, Christina Perdue avers that Defendants Officer #1 have caused Ms. Perdue the loss of good and valuable services of her husband and makes the claim for loss consortium.

## Defendant City of Clinton

45. Defendant City of City of Clinton, Tennessee failed to adequately train and/or supervise Officer #2 and/or #3 as to proper policies, procedures, practices, customs, and edicts as to proper police procedures and investigation techniques that subsequently resulted in the excessive force used against Plaintiff Newman and Perdue during the incident that has been set out herein, that violated Plaintiff Newman and Perdue's Fourth and Fourteenth Amendment rights of the United States Constitution. Plaintiffs would submit that had Defendant Officer #2 and/or #3 had been properly trained/and or supervised, Defendant Officer #2 and/or #3's unconstitutional actions would have been prevented and/or detected and Plaintiff's damages could have been reasonably avoided.

46. Defendant City of City of Clinton, Tennessee failed to adequately train and/or supervise Defendant Gregory as to proper policies, procedures, practices, customs, and edicts as to proper police procedures and investigation techniques that subsequently resulted in the illegal search and seizure against Plaintiff Newman and Perdue during the incident that has been set out herein, that violated Plaintiff Newman and Perdue's Fourth and Fourteenth Amendment rights of the United States Constitution. Plaintiffs would submit that had Defendant Gregory had been

10

Case 3:21-cv-00138-DCLC-DCP   Document 1   Filed 04/11/21   Page 10 of 15   PageID #: 10

properly trained/and or supervised, Defendant Officer Gregory unconstitutional actions would have been prevented and/or detected and Plaintiff's damages could have been reasonably avoided.

### Defendant Gregory

47. In committing acts complained of herein, the Defendant Gregory acted under color of law when he obtained a search warrant for the Plaintiff's while being aware that the information used to obtain the search warrant was faulty, inaccurate, and/or fabricated such that Plaintiffs had no involvement in any crime or crimes alleged to have been committed at Ingles Market located at 190 clinch Avenue, Clinton, Anderson County, Tennessee on April 10, 2020. Defendant Gregory's actions constitute violations of the Plaintiffs' Fourth Amendment rights to be free of illegal search and seizure and Fourteenth Amendment right to due process.

### Defendant Officer #2

48. The Defendant Officer #2 violated the Plaintiff Perdue's clearly established federal constitutional rights by use of excessive force against her that violates Fourth Amendment and the due process clause of the Fourteenth Amendment. Plaintiffs aver that the aforementioned altercation was the proximate cause of her injuries, substantial mental anguish, pain and suffering.

49. Plaintiffs avers that the Defendant Officer #2 is liable for common law assault against the Plaintiff Perdue for slamming her to the floor during the raid of her residence on May 1, 2020 without cause or provocation.

### Defendant Officer #3

50. The Defendant Officer #3 violated the Plaintiff Newman's clearly established federal constitutional rights by use of excessive force against him that violates Fourth Amendment and the due process clause of the Fourteenth Amendment. Plaintiffs aver that the aforementioned altercation was the proximate cause of his injuries, substantial mental anguish, pain and suffering.

51. Plaintiffs avers that the Defendant Officer #2 is liable for common law assault against the Plaintiff Newman for slamming him to the floor during the raid of his residence on May 1, 2020 without cause or provocation.

### Defendant Atherton

52. In committing acts complained of herein, the Defendant Atherton acted under color of law when he charged Plaintiff Perdue while being aware that Plaintiff Perdue could not have committed the aforementioned crime. In violating Plaintiff's right to be free from unlawful seizure and false arrest, Defendant Atherton violated Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution.

53. As a direct and proximate result of the violation of Plaintiff Perdue' constitutional right to be free from false arrest and/or seizure, Plaintiff suffered serious physical and emotional injuries. Defendant Atherton is liable to Plaintiff for compensatory and punitive damages pursuant to 42 U.S.C. §1983.

54. In committing the acts complained of herein, Defendant Atherton acted under color of law the deprived the Plaintiff Perdue of certain protected rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution including but not limited to: a) the right to be free from unreasonable searches and seizures, b)

12

Case 3:21-cv-00138-DCLC-DCP   Document 1   Filed 04/11/21   Page 12 of 15   PageID #: 12

right not to be deprived of liberty without due process of law, and c) right to be free from false arrest.

### Defendant Armes

55. That Defendant Armes is liable to the Plaintiffs for publishing defamatory accusations against the Plaintiffs with knowledge of the falsity of said publication or with reckless disregard for the truth of the statement or negligence in failing to ascertain the truth of the statement causing damages to the Plaintiffs.

56. The defamatory publication of Defendant Armes was the actual cause false imprisonment of the Plaintiffs and was the proximate cause of injuries suffered by Plaintiffs, for which Defendant Armes is liable to Plaintiffs for compensatory damages and Defendant Armes' reckless and wanton conduct gives rise to the award of punitive damages against him.

**WHEREFORE PREMISES CONSIDERED,** the Plaintiffs demand judgment against the Defendants, individually and in their official capacities as follows:

1. That the Plaintiffs be awarded compensatory damages in an amount to be proven at a hearing of this cause,

2. That Plaintiffs be awarded an amount of punitive damages against the individual Defendants in an amount to proven at a hearing of this cause.

3. That the Plaintiffs be awarded pre-judgment and post-judgment interest at the highest rate allowable by Tennessee law.

4. That the Plaintiffs be awarded his attorney's fees and discretionary costs in this action pursuant to 42 U.S.C. § 1988.

5. That the Plaintiff be awarded any further general relief that the Court may deem appropriate.

6. That a jury be empaneled to hear this cause.

7. That the Plaintiffs pray that they be permitted to amend this complaint include the names of the unidentified officers involved in this lawsuit as they are identified during the discovery process.

**Respectfully Submitted,** this 11th day of April, 2021

BY: /s/ *Patrick L. Looper*
**PATRICK L. LOOPER   BPR 020857**
**Attorney for Plaintiffs**
First Tennessee Plaza
800 S. Gay Street, Suite 2000
Knoxville, Tennessee 37929
865/522-3616

STATE OF TENNESSEE    )
COUNTY OF KNOX        )

**CHRISTINA PERDUE**, being first duly sworn, upon oath deposes and says that he has read the foregoing Complaint and knows the contents thereof, that the same is true of his own knowledge, except as to such matters as are therein stated upon information and belief, and as to those matters he believes them to be true.

_____
**CHRISTINA PERDUE**

Sworn and subscribed before me this 9 day of April, 2021.

_____
**NOTARY PUBLIC**

My commission expires: 1-29-2022

STATE OF TENNESSEE    )
COUNTY OF KNOX        )

**KEVIN NEWMAN**, being first duly sworn, upon oath deposes and says that he has read the foregoing Complaint and knows the contents thereof, that the same is true of his own knowledge, except as to such matters as are therein stated upon information and belief, and as to those matters he believes them to be true.

_____
**KEVIN NEWMAN**

Sworn and subscribed before me this 9 day of April, 2021.

_____
**NOTARY PUBLIC**

My commission expires: 1-29-2022

15